IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS GLENN KILDUFF AND KILDUFF TRUCKIN,<br>　　　　　Plaintiffs,<br><br>　　v.<br><br>JAYCO, INC.,<br>　　　　　Defendant. | :<br>:<br>:<br>:<br>:　Civil No. 5:23-cv-00470-JMG<br>:<br>:<br>:<br>: |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                                    **May 10, 2023**

**I.     OVERVIEW**

Plaintiff Thomas Kilduff ("Kilduff") purchased a new 2022 Jayco Greyhawk 31F in 2022 ("the vehicle"). As part of the purchase, Kilduff signed a limited warranty from defendant Jayco, Inc. ("Jayco") that contained a forum selection clause. During the warranty period Kilduff reported issues affecting the vehicle's use and safety to Jayco. Plaintiffs allege the vehicle continues to have these problems and have filed suit against Jayco. Defendant has filed a motion for change of venue based on the forum selection clause contained in the limited warranty signed by Plaintiff Kilduff. For the reasons that follow, the motion is granted.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

Kilduff purchased a new 2022 Jayco Greyhawk 31F motor home on or about April 12, 2022.[1] Notice of Removal, ECF No. 1, Exhibit A ("Compl.") at ¶ 3. The vehicle was manufactured and warranted by Defendant Jayco. *Id.* The vehicle was purchased and registered

---

[1] Plaintiffs attached an invoice from the purchase of the vehicle to their motion response. *See* Pls. Resp. to Def. Mot. To Change Venue, ECF No. 7, Ex. A. The invoice lists the buyer as Thomas Glenn Kilduff DBA Kilduff Truckin. Plaintiffs filed suit as Thomas Glen Kilduff and Kilduff Truckin. *See* Compl. at 1.

in the Commonwealth of Pennsylvania. *Id.* at ¶ 4. Defendant issued "several warranties, guarantees, affirmations or undertakings with respect to the material or workmanship of the vehicle and/or remedial action in the event the vehicle fail[ed] to meet the promised specifications." *Id.* at ¶ 6. These warranties included an express warranty and a limited warranty. *Id.* at ¶ 8; Def. Mot. to Change Venue, ECF No. 6 at 1. The Limited Warranty contained a forum selection clause that stated the following:

> LEGAL REMEDIES: EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO AN ALLEGED BREACH OF WARRANTY OR ANY REPRESENTATIONS OF ANY NATURE, MUST BE FILED IN THE COURTS WITHIN THE STATE OF MANUFACTURE, WHICH IS INDIANA. THIS LIMITED WARRANTY SHALL BE INTERPRETED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF INDIANA. UNLESS PROHIBITED BY STATE LAW, ALL CLAIMS, CONTROVERSIES AND CAUSES OF ACTION ARISING OUT OF OR RELATING TO THIS LIMITED WARRANTY SHALL BE GOVERNED BY THE LAWS OF THE STATE OF INDIANA, INCLUDING ITS STATUTE OF LIMITATIONS, WITHOUT GIVING EFFECT TO ANY CONFLICT OF LAW RULE THAT WOULD RESULT IN THE APPLICATION OF THE LAWS OF A DIFFERENT JURISDICTION.

ECF No. 6, Ex. B.

Defendants aver that Plaintiff Kilduff signed a Warranty Registration Form which contained a clause stating that Plaintiff Kilduff "received, read and underst[ood]" the Limited Warranty. *See* ECF No. 6, Ex's B-C. During the warranty period, Plaintiff Kilduff complained about several defects or nonconformities to the vehicle. *See* Compl. at ¶ 10. Plaintiffs allege Defendant attempted to repair the reported defects and non-conformities through their authorized dealers, and said repairs were not only ineffective but rendered the vehicle unusable for its intended purpose. *Id.* at ¶ 9. Plaintiffs claim the vehicle continues to have defects and non-conformities which have substantially impaired its use, value and/or safety. *Id.* at ¶ 11.

Plaintiffs filed a complaint against Defendant in the Pennsylvania Court of Common Pleas for Lehigh County on January 3, 2023. Their complaint alleged violations of the

Magnuson-Moss Warranty Improvement Act and the Pennsylvania Unfair Trade Practices and Consumer Protection Law. Defendant removed this case to our jurisdiction on February 6, 2023. On February 24, 2023, Defendant filed a Motion to Transfer Venue Pursuant to Forum Non Conveniens on account of the forum selection clause contained in the limited warranty. Plaintiffs filed a response on March 8, 2023. For the reasons that follow, Defendant's motion is granted.

### III.    LEGAL STANDARD

Under 28 U.S.C. § 1404, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A standard request for transfer pursuant to 1404(a) must include two components. A court must first address whether the original venue and the requested venue is proper. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). "Venue is proper '(1) where the defendant resides, (2) where a substantial part of the events giving rise to the claim occurred, or (3) where personal jurisdiction may be had over any defendant if no other venue is proper.'" *Bensalem Lodging Assocs., LLC v. Holiday Hosp. Franchising, LLC*, 575 F. Supp. 3d 532, 537 (E.D. Pa. 2021) (quoting *Park Inn Intern., LLC v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 375 (D.N.J. 2000)). If the venue is found to be proper, "the Court is required to undertake a balancing test in deciding whether the 'interests of justice [would] be better served by a transfer to a different forum.'" *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 197 (E.D. Pa. 2008) (quoting *Jumara*, 55 F.3d at 879).

The analysis changes, however, "when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) (quoting

*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)).  When the parties' contract contains a valid forum-selection clause, "[it] should be given controlling weight in all but the most exceptional cases." *Id. (*quoting *Stewart,* 487 U.S. at 33 (KENNEDY, J., concurring)*.*  And if a plaintiff files an action outside the preselected forum, the plaintiff "bear[s] the burden of showing that public-interest factors *overwhelmingly* disfavor a transfer." *Id.* at 67 (emphasis added).

## IV.  DISCUSSION

When confronted with a forum selection clause, courts conduct a two-part analysis to determine whether to enforce it.  *Mathias v. Caterpillar, Inc.*, 203 F. Supp. 3d 570, 575 (E.D. Pa. 2016).  A court must first determine whether the clause is valid and enforceable.  *Id*.  If we find the clause to be valid and enforceable, we then consider "whether, pursuant to § 1404(a), 'extraordinary circumstances' militate against enforcing the forum selection clause." *Id.* (citing *Atl. Marine*, 571 U.S. at 62).  In determining whether such circumstances exist, "a district court may consider arguments about public interest factors only." *Reading Rock Ne., LLC. v. Russel*, No. 20-CV-5728 (RBK/KMW), 2021 WL 870642, at *9 (D.N.J. Mar. 8, 2021) (citing *Atl. Marine*, 571 U.S. at 64).  These factors must "overwhelmingly disfavor a transfer to overcome the forum selection clause." *Atl. Marine*, 571 U.S. at 67.  In conducting its inquiry, a court "should not consider arguments about the parties' private interests," because "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* at 64.  Finally, the party challenging the forum-selection clause "bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* at 63.

### A.  The Forum Selection Clause is Valid and Enforceable

Forum selection clauses are "prima facie valid and should be enforced unless

enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1219 (3d Cir. 1991) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). To overcome this presumption, the party objecting "must make a 'strong showing' that the clause is unreasonable by demonstrating: '(1) that it is the result of fraud or overreaching; (2) that enforcement would violate strong public policy of the forum; or (3) that enforcement would ... result in jurisdiction so seriously inconvenient as to be unreasonable.'" *Polytek Dev. Corp. v. 'Doc' Johnson Enterprises*, 532 F. Supp. 3d 243, 248 (E.D. Pa. 2021) (quoting *Moneygram Payment Sys. v. Consorcio Oriental, S.A.*, 65 F. App'x. 844, 846 (3d Cir. 2003). To satisfy the third factor, the objecting party must make go beyond a showing that enforcement of the clause will result in mere inconvenience or additional expense. *Banc Auto, Inc. v. Dealer Servs. Corp.*, No. 2008-CV-3017, 2008 WL 4055830, at *3 (E.D. Pa. Aug. 28, 2008).

      Defendant argues the forum selection clause is valid and satisfies the burden of reasonableness. *See Cadapult Graphic Sys., Inc. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000). Defendant avers the clause is not "the result of fraud or overreaching," does not violate public policy, and that Indiana venue is appropriate because Indiana law will apply to this case. *See* ECF No. 6 at 4. Defendant states that Plaintiffs received the Limited Warranty containing the forum selection clause, and that Plaintiff Kilduff signed a Warranty Registration Forum attesting he "received read and underst[ood]" the Limited Warranty. See ECF No. 6, Ex. C.

      While Plaintiffs urge this Court to refrain from enforcing the forum selection clause, they have not met their burden in establishing the forum selection clause is unreasonable. As to fraud or overreaching, Plaintiffs argue "Defendant's attempt to dismiss this case based on venue is an unfair or deceptive business attempt to limit or restrict the rights of Pennsylvania consumers

which would be protected under this law for actions like the one before this Court." *See* ECF No. 7 at 5. But Plaintiffs do not present any facts to substantiate this claim. Plaintiffs then purport to argue that the forum selection clause violates public policy, but again fail to offer any reasoning for this claim. *Coyle Trucking, Inc. v. Applied Underwriters, Inc.*, No. CV 19-3164, 2022 WL 1623652, at *4 (E.D. Pa. May 20, 2022) ("Courts have refused to find a forum selection clause in violation of public policy where the objecting party failed to meet its burden to show that the clause is unenforceable under the forum's law.") (internal citation omitted). Moreover, "it would be consistent with the public policy of [Pennsylvania] to enforce the forum selection clause in order to give force to the parties' agreement." *Feldman v. Google, Inc.*, 513 F.Supp.2d 229, 247 (E.D. Pa. 2007).

Finally, Plaintiffs argue that litigating this case in Indiana[2] will create a "significant undue prejudice" where witnesses would be required to travel long distances. *See* ECF No. 7 at 4. But distance alone is not enough to make the clause unreasonable. *Peck v. Jayco, Inc.*, No. CV 22-5762 (RBK/SAK), 2023 WL 2706806, at *3 (D.N.J. Mar. 30, 2023) ("But distance between fora does not prove unreasonableness.") (internal citation omitted). In the District Court's recent decision in *Peck*, which involved similar claims against the Defendant and the same forum-selection clause, the Court found the plaintiff had failed to meet their burden demonstrating unreasonableness. *Id*. The plaintiff in that case had cited the distance between New Jersey and Indiana as possible evidence of unreasonableness. *Id*. We reach a similar conclusion here and find that Plaintiffs have not demonstrated the forum selection clause is unreasonable. As such, the Court will proceed to the next stage of this inquiry – consideration of

---

[2] Plaintiffs' response identifies Michigan instead of Indiana. While the name of the state is incorrect, the Court will address Plaintiffs' argument, as it also applies to the distance from Pennsylvania to Indiana.

the public interest factors.  *See In re: Howmedica Osteonics Corp*, 867 F.3d 390, 402 (3d Cir. 2017) (quoting *Atlantic Marine*, 571 U.S. at 63-64).

### B.     Public Interest Factors

Once a forum-selection clause is determined to be valid and enforceable, a district court must consider the forum non conveniens factors set forth in § 1404(a).  *Bensalem Lodging Assocs., LLC*, 575 F. Supp. 3d at 540 (citing *Atl. Marine*, 571 U.S. at 58-59).  However, when a forum selection clause comes into play, a district court need only consider the public interest factors, because the private interest factors "weigh entirely in favor of the preselected forum."  *Atl. Marine,* 571 U.S. at 64.  When a plaintiff files an action outside of the preselected forum, the plaintiff "bear[s] the burden of showing that public-interest factors *overwhelmingly* disfavor a transfer."  *Id.* at 67 (emphasis added); *see Bensalem Lodging Assocs., LLC*, 575 F. Supp.3d at 540.  The public interest factors to be considered include:

> [T]he enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879-80.

#### 1.     Enforceability of the judgment

Defendant argues this factor is neutral because "a judgment from the Northern District of Indiana 'could easily be registered in another district.'"  *See* ECF No. 6 at 5.  As "it is unlikely that there would be any significant difference in the difficulty of enforcing a judgment rendered by one federal forum or the other," *In re: Howmedica Osteonics Corp.*, 867 F.3d at 410 (quoting 1 James Moore et al., *Moore's Manual: Federal Practice and Procedure*, § 7.81[3][b] (2017)), the Court finds this factor to be neutral.  *See Peck*, 2023 WL 2706806 at *4.

>     2.  Practical considerations that could make the trial easy, expeditious, or inexpensive

Defendant argues this factor is also neutral, as neither party has provided any practical considerations that lean one way or another.  While Plaintiffs do not address any of the public interest factors directly in their motion response,[3] they do argue the witnesses, which include Kilduff, technicians, sales people and representatives, would be required to travel from in and around Pennsylvania to Indiana to litigate this case.  *See ECF* No. 7 at 2.  But Plaintiffs have not shown why litigating this case in Indiana would be unduly burdensome, especially where their presence and that of the other witnesses would not be required for every conference or argument.  *See Tricome v. Ebay, Inc.*, No. CIV.A.09-2492, 2009 WL 3365873, at *4 (E.D. Pa. Oct. 19, 2009).  Additionally, while Plaintiffs argue Defendant has significant contacts with Pennsylvania, Defendant's principal place of business is located in Indiana.  *See* Compl. at ¶ 3.  As Plaintiff resides in Pennsylvania, and the sale and repairs of the vehicle took place in Pennsylvania, evidence will most likely be located in both Pennsylvania and Indiana.  *See Friday & Cox, LLC v. FindLaw*, No. CV 18-532, 2018 WL 3912829, at *7 (W.D. Pa. Aug. 16, 2018).  Accordingly, we find this factor to be neutral.

>     3.  The relative administrative difficulty in the two fora resulting from court congestion

In determining this factor, a district court should look to whether there is "an appreciable difference in docket congestion between the two districts."  *Jumara*, 55 F.3d at 883.  This factor "favors the forum with a less congested docket and faster median time from filing to disposition or trial."  *Stewart v. First Student, Inc.*, No. CV 20-2556, 2022 WL 16731231, at *5 (E.D. Pa.

---

[3] Plaintiffs have failed to directly address any of Defendant's arguments as to the public interest factors.  Accordingly, we consider these arguments waived. *See Woodell v. Coach*, 2022 WL 17486262, at *3 (D.N.J. Dec. 7, 2022); *Peck*, 2023 WL 2706806 at *4, n.2.

Nov. 7, 2022). Defendant argues the third factor weighs heavily in favor of transfer. In support, Defendant cites federal court statistics from June 30, 2022, which they claim show a pending caseload of 8,253 cases in the Eastern District of Pennsylvania ("EDPA") as opposed to the Northern District of Indiana ("NDIN") which had 2,426. *See* ECF No. 6 at 6.

As of September 30, 2022, there were 9,398 pending cases in the EDPA. United States District Court – National Judicial Caseload Profile, https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2022.pdf (last visited May 8, 2023). The median time from filing to disposition for civil cases was 6.6 months, while the median time from filing to trial for civil cases was 24.4 months. *Id.* For that same time period there were 2,426 cases pending in the NDIN. *Id.* The median time from filing to disposition for civil cases was 12.5 months, and the median time for from filing to trial for civil cases was 42.6 months. *Id.*

Defendant argues this factor weighs heavily in favor of transfer given the large disparity in the number of cases in the district. But that number does not tell the whole story, as the median time for disposition and/or trial in civil cases was substantially higher in the NDIN. Plaintiffs did not address this argument in their motion. Because these figures cut both ways, the Court finds this factor to be neutral.

4. <u>The local interest in deciding local controversies at home</u>

Defendant argues this factor is neutral, because while Pennsylvania may be the proper forum for a contract dispute involving its residents, the contract at issue contains a valid forum selection clause for the state of Indiana. While not addressing this factor directly, Plaintiffs have argued elsewhere in their motion that venue is proper in this forum because they are residents of Pennsylvania, and the sale and repairs of the vehicle took place in this state. Plaintiffs also argue the Pennsylvania Unfair Trade Act covers residents affected by trade or commerce.

As Plaintiffs acknowledge in their complaint, Defendant's principal place of business is in Indiana. And both Indiana and Pennsylvania each have an interest in deciding a case involving its residents. *See SMA Med. Lab'ys v. Advanced Clinical Lab'y Sols., Inc.*, No. CV 17-3777, 2018 WL 3388325, at *5 (E.D. Pa. July 12, 2018); *Friday & Cox, LLC*, 2018 WL 3912829 at *7. Accordingly, this factor is neutral.

5.  The public policies of the fora

Defendant argues this factor weighs in favor of transfer, as Pennsylvania has a strong policy in enforcing contractual provisions in their state. *See Cent. Dauphin Sch. Dist. V. Am. Cas. Co.*, 426 A.2d 94, 96 (Pa. 1981). Again, Plaintiffs do not address this factor directly, but have argued elsewhere in their motion that Pennsylvania public policy requires this case be adjudicated in this state. But Plaintiff fails to cite any authority, and as discussed above, "it would be consistent with the public policy of [Pennsylvania] to enforce the forum selection clause in order to give force to the parties' agreement." *Feldman*, 513 F. Supp. 2d at 247. Therefore we find this factor supports transfer.

6.  Familiarity of the trial judge with the applicable state law in diversity cases

"While district courts are frequently called upon to interpret and apply the law of a state other than that in which they sit, when considering a motion to transfer venue, a 'diversity case should be decided by the court most familiar with the applicable state law.'" *Bensalem Lodging Assocs., LLC*, 575 F. Supp. 3d at 541 (quoting *Coppola*, 250 F.R.D. at 201–02). While Plaintiffs have not invoked diversity jurisdiction in this case, this factor is relevant because the the limited warranty here contained a choice of law provision for Indiana state law. *Id.* at 541. This factor supports transfer as a judge in Indiana will be more familiar with Indiana state law. *See Peck*, 2023 WL 2706806 at *4; *Bensalem Lodging Assocs., LLC*, 575 F. Supp. 3d at 541.

Having considered the public interest factors, Plaintiffs have not met their burden in

establishing the factors weigh "overwhelmingly" in favor of venue remaining in this Court. *See Maguire Ins. Agency, Inc. v. Amynta Agency, Inc.*, No. CV 21-4664, 2021 WL 5987318, at *7 (E.D. Pa. Dec. 17, 2021) ("This is not one of *Atlantic Marine*'s "unusual cases" where public factors counsel against transfer and against enforcement of a controlling forum-selection clause."). The Court finds that transfer is appropriate under § 1404(a).

V.  **CONCLUSION**

For the reasons set out in this memorandum, Defendant's motion is granted. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge